UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00621-RJC-DCK

| | | |
|---|---|---|
| INFO-GEL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PAUL WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

A motion pursuant to Rule 65 of the Federal Rules of Civil Procedure seeking a temporary restraining order (the "Motion") (Doc. No. 2) was filed on September 30, 2023, on behalf of Plaintiff Info-Gel, LLC ("Info-Gel"). It was served on Paul Williams ("Williams") and Williams' counsel made an appearance as counsel of record. Info-Gel and Williams met and conferred through counsel on the Motion and reached an amicable resolution without prejudice to any future claims or defenses either party may assert and without an admission of liability as to the underlying claims contained in the Amended Verified Complaint ("Amended Complaint"). The Court finds good cause to adopt the resolution as follows:

**IT IS HEREBY AGREED, CONSENTED TO, AND ORDERED** as follows:

1. No later than 5:00 PM Eastern on the first business day following notice to Williams of entry of this Order, Williams shall:

    a. return to Info-Gel any hardcopies of any document containing Info-

1

Gel's Confidential Information and Trade Secrets[1] known to be in Williams' possession. Williams shall return to Info-Gel hardcopies of any such information discovered thereafter within one (1) business day of discovery of the same.

b. confirm that he (i) took steps upon receipt of the August 8, 2023, demand letter from Info-Gel's Counsel to preserve potential evidence related to the above-captioned matter and (ii) has not knowingly deleted or destroyed any such material since receipt of the August 8, 2023, letter. The confirmation may be relayed to Info-Gel's Counsel via email from Williams' Counsel. The materials referenced in this section include, but are not limited to:

 i. materials referenced in the Amended Complaint;

 ii. any and all communications, materials, documents, logs, data, or metadata concerning, relating to, belonging to, originating from Info-Gel, as well as any and all communications, materials, documents, logs, data, or metadata derived from such materials, including without limitation Confidential Information and Trade Secrets (collectively "Info-Gel Material"); and

---

[1] For purposes of this Order, the term "Confidential Information and Trade Secrets" shall have the meaning set forth in the Amended Complaint. As used in this Order, the word "and" in the defined term "Confidential Information and Trade Secrets" shall mean "or" as well as "and."

      iii. the contents of, and logs for, any computer, device, storage media, cloud or web-based storage application, or email service to which Williams has access.

  c. deliver to Info-Gel's Counsel an affidavit (hereinafter "Affidavit") identifying:

      i. all storage devices/locations (including, without limitation, computers, tablet computers, smartphones, external drives, USB/flash drives, other physical storage media, cloud storage locations, etc.) to which Williams saved Info-Gel Material and which:

          1. are currently in his possession, or

          2. have been in his possession since he first became employed by Info-Gel;

      ii. all email accounts or other web-based accounts, including cloud storage accounts (other than email accounts or other web-based accounts owned by Info-Gel), that Mr. Williams used, or had access to, during and after his employment with Info-Gel that can be used to transfer files or communications;

      iii. all computers and electronic devices (including, without limitation, computers, tablet computers, smartphones, external drives, USB/flash drives, other physical storage media, etc.) in Williams' household or possession since April

19, 2022; and

    iv. every individual or entity (other than Info-Gel and its employees) to whom Williams knowingly disclosed information belonging to, or originating from, Info-Gel, including, without limitation, Info-Gel Material and/or Confidential Information and Trade Secrets, since April 19, 2022, along with a brief description of the information disclosed.

2. Reliance Forensics, LLC ("Reliance") will perform forensic analyses contemplated by this Order to determine whether Mr. Williams retained, used, or shared Info-Gel's Confidential Information and Trade Secrets.

3. Within five (5) business days of the entry of this Order, Info-Gel's Counsel and Williams' Counsel shall confer and agree upon a written protocol to be followed for Reliance's forensic analysis of the computers, devices, and accounts (the "Forensic Analysis Protocol"). The written protocol shall include terms regarding, but not limited to:

    a. logistics for Reliance's imaging of computers, devices, and accounts;

    b. confidentiality for third-party information;

    c. reasonable limitations on Reliance's access to/review of information belonging to third parties, though such limitation will in no way prevent searches for, or analysis of, information or data reasonably believed to have been derived from Info-Gel's Confidential

4

Information and Trade Secrets;

d. reasonable limitations on Reliance's access to/review of privileged materials or content wholly unrelated to Info-Gel, though such limitation will in no way prevent searches for, or analysis of, information or data reasonably believed to have been derived from Info-Gel's Confidential Information and Trade Secrets;

e. expedited imaging and analysis of any computer, device, or account not surrendered to Reliance pursuant to Paragraph 3(c) herein;

f. search terms and/or analysis to potentially identify Info-Gel's Confidential Information and Trade Secrets;

g. search terms and/or analysis to potentially identify material or data derived from Info-Gel's Confidential Information and Trade Secrets;

h. search terms and/or analysis to potentially determine if any of Info-Gel's Confidential Information and Trade Secrets was copied to any computer, external memory device, or cloud storage location;

i. search terms and/or analysis to potentially determine if any of Info-Gel's Confidential Information and Trade Secrets was transmitted to any computer, external memory device, or cloud storage location;

j. a description of written deliverables to be provided to Info-Gel's Counsel;

k. permanent deletion of any Info-Gel's Confidential Information and Trade Secrets (or materials derived therefrom) identified on or in

Williams' computers, devices, and accounts;

l. a reasonably expeditious timeframe for return of the computers, devices, and accounts; and

m. Info-Gel's obligation to bear the cost of the forensic analysis unless the forensic analysis yields evidence that Williams retained, shared, or misappropriated Confidential Information and Trade Secrets, at which time Williams shall bear the cost of further forensic analysis and shall reimburse Info-Gel for any forensic analysis performed under the Forensic Analysis Protocol.

4. Within three (3) business days of settling the Forensic Analysis Protocol, Williams shall surrender to Reliance exclusive custody and control of all computers, devices, and accounts listed in the Affidavit and identified by Info-Gel's Counsel as requiring forensic analysis, excepting:

a. those computers, devices, and accounts used exclusively by minor children in Williams' household; and

b. those owned by third parties other than persons residing in Williams' household.

5. If Reliance reasonably determines that Williams has copied any Info-Gel Material to a computer, an external storage device, or cloud storage location, Williams shall deliver, or provide access to, any such computer, device, or cloud storage location to Reliance for a forensic analysis and deletion of material in accordance with the Forensic Analysis Protocol.

6

6. Except as provided for herein, Williams is restrained and enjoined from using, copying, disclosing, possessing, or otherwise misappropriating any Info-Gel Material or other Confidential Information and Trade Secrets pending resolution of a preliminary injunction motion or the entry of an Order otherwise dissolving the restraints provided for herein.

7. This Order shall be without prejudice to Info-Gel's or Williams' ability to petition the Court to seek further relief or assert further defenses with regard to this matter.

8. The Court will exercise supplemental jurisdiction over any claims and make sure the parties abide by all provisions of this Order.

9. Following completion of the Forensic Analysis Protocol and a conference between counsel for the parties, the parties will submit a proposed form of order with respect to a motion for entry of a preliminary injunction, if necessary.

**SO ORDERED**.

Signed: October 30, 2023

_____

Robert J. Conrad, Jr.
United States District Judge